**Chansavang VONGPHAKDY, Petitioner,**

v.

**Alberto R. GONZALES,* Attorney General, Respondent.**

No. 03–73490.

United States Court of Appeals, Ninth Circuit.

Submitted on briefs April 15, 2005.**

Decided May 2, 2005.

Stephen Shaiken, Esq., Law Offices of Stephen Shaiken, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Terri J. Scadron, Esq., Efthimia S. Pilitsis, Leslie Cayer Ohta, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, BEEZER, and O'SCANNLAIN, Circuit Judges.

MEMORANDUM ***

Chansavang Vongphakdy, a native and citizen of Laos, appeals the Board of Immigrations Appeals' ("BIA") order affirming the immigration judge's ("IJ") decision denying Vongphakdy asylum, withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and we affirm.

We review credibility findings under the "substantial evidence" standard. *See He v. Ashcroft*, 328 F.3d 593, 595 (9th Cir. 2003). Substantial evidence supports the BIA's adverse credibility determination. Vongphakdy provided occasionally contradictory and generally unspecific testimony regarding the circumstances of his father's death and the time he was shot in the leg.

Because Vongphakdy did not testify credibly, he did not establish eligibility for asylum. *See Majia Paiz v. INS*, 111 F.3d 720, 724 (9th Cir.1997). The failure to demonstrate a "well-founded fear" for the purpose of asylum "necessarily precluded [Vongphakdy from] satisfying the more stringent 'clear probability of persecution' that withholding of removal requires." *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003) (quoting 8 U.S.C. § 1231(b)(3)(A)).

The BIA's findings underlying its determination that an applicant is not eligible for CAT relief are reviewed for substantial evidence. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir.2003). Vongphakdy did not demonstrate that it was more likely than not that he would be tortured if he returned to Laos. Therefore, the BIA also properly denied his CAT claim. *See Ka-*

*malthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

PETITION FOR REVIEW DENIED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.